IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JASON BYRD ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 1:04cv477-A |
| ) | WO |
| HOWSE IMPLEMENT COMPANY, INC. ) | |
| and RAY DEAN FARM EQUIPMENT ) | |
| AUCTION COMPANY, INC., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

**I. INTRODUCTION**

This cause is before the court on Defendant Ray Dean Farm Equipment Auction Company Inc.'s ("Dean") Motion to Dismiss for Lack of Subject-Matter Jurisdiction, or in the alternative, for Summary Judgment (Doc. #27), Howse Implement Company, Inc.'s ("Howse") Motion to Dismiss for Lack of Subject-Matter Jurisdiction (Doc. #30), Plaintiff Jason Byrd and Dean's Joint Stipulation of Dismissal (Doc. #32), Howse's Objection to "Joint Stipulation of Dismissal" (Doc. #33), and Plaintiff's Motion and Brief in Opposition to Defendants Howse and Dean's Motions to Dismiss for Lack of Subject-Matter Jurisdiction, and Defendant Howse's Opposition to Dismissal of Dean (Doc. #37).

For reasons to be discussed, the Defendants' Motions to Dismiss are due to be Denied, Byrd and Dean's Joint Stipulation is due to be Granted, Howse's Objection to the Joint Stipulation of Dismissal is due to be Overruled, and Plaintiff's Motion requesting the dismissal of Dean pursuant to Rule 21 and Rule 41(a)(2) is due to be Granted.

**II.  RELEVANT FACTS & PROCEDURAL PREDICATE**

Plaintiff's Complaint alleges only state law claims against Defendants.[1]  Plaintiff, an Alabama citizen, named Howse, a Mississippi corporation, and Dean, an Alabama corporation, as Defendants.  See Compl. ¶ 3.   Because the Complaint lacked an allegation of complete diversity, both Defendants initially moved this court to dismiss this case on the basis that the court lacks subject matter jurisdiction over the action.[2]  Soon thereafter, Plaintiff Byrd and Defendant Dean filed a Joint Stipulation of Dismissal, requesting an order from this court dismissing any and all claims against Dean with prejudice.  Defendant Howse filed an objection to the joint stipulation.

In response, Plaintiff filed a motion and brief in opposition to Howse and Dean's motions to dismiss and Howse's objection to dismissal of Dean.  Plaintiff requested that this court order dismissal of Dean pursuant to Rule 41(a)(1), or in the alternative, Rule 21 and Rule 41(a)(2).

In an April 6, 2005 Order (Doc. #36), this court found the same issues to be presented by the Stipulation of Dismissal and Howse's Motion to Dismiss, that is, whether the Joint Stipulation of Byrd and Dean is effective without the consent of Defendant Howse and, if so,

---

[1] Plaintiff brings Alabama Extended Manufacturer's Liability Doctrine (Count I), negligence (Count II), and wantonness (Count III) claims for injuries he alleges he sustained on February 4, 2003.

[2] Defendant Dean filed a motion to dismiss, or in the alternative, for summary judgment. In support thereof, Dean relies upon portions of attached depositions from Dean and Byrd, which reiterate their Alabama citizenship.  Although this court may construe the motion to dismiss as a motion for summary judgment on account of the attached documents, the court finds that because the relevant portions of the documents are indisputable, and their subject matter is otherwise directly referenced in the Complaint, the depositions can be properly attached to a motion to dismiss without converting it into a summary judgment motion.  See Harris v. IVA Corp., 182 F.3d 799, 802 n. 2 (11th Cir. 1999); Brooks v. Blue Cross & Blue Shield, 116 F.3d 1364, 1369 (11th Cir. 1997).

whether dismissal of the diversity destroying defendant would cure the jurisdictional defect that existed at the time the suit was filed.

### III.  DISCUSSION

A federal district court may exercise subject matter jurisdiction over a civil action in which only state law claims are alleged if the civil action arises under the federal court's diversity jurisdiction.  See 28 U.S.C. § 1332(a)(1).  The diversity statute confers jurisdiction over a cause of action when citizens of different states are involved in the suit and the amount in controversy exceeds $75,000, exclusive of interest and costs.  See id.

In the instant case, the sole issue in dispute is whether diversity of citizenship exists.[3]  It is undisputed that Plaintiff's Complaint, on its face, failed to allege complete diversity.  Plaintiff and the diversity destroying defendant Dean, however, filed a Joint Stipulation of Dismissal requesting Dean be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1), or in the alternative, pursuant to the court's discretion under Rules 21 and 41(a)(2).  Thus, diversity jurisdiction did not exist at the time this suit was filed, but would exist now if the diversity-destroying defendant can be dismissed before the court determines the jurisdictional issue.

Because Howse has not consented to the stipulated dismissal, the advantages of a Rule 41(a)(1) dismissal[4] are not available to Byrd and Dean.  See Diaz v. City of Miami Beach, 113

---

[3] The parties have not contested the amount in controversy requirement, see Pl. Motion and Br. in Opp. at p. 5, n. 3., and the court finds this requirement satisfied.

[4] Voluntary dismissal under Rule 41(a)(1) "may precede any analysis of subject matter jurisdiction because it is self-executing and moots all pending motions, obviating the need for the district court to exercise its jurisdiction."  University of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 409 (11th Cir. 1999) (citation omitted).

F.3d 1563, 1571 (11th Cir. 1997) (holding that "[t]he rule is clearly stated: a voluntary dismissal by stipulation is applicable only if *all* the parties sign off on it." (emphasis in original)); see also Lenox Hotel Co. v. Charter Builders, Inc., 71 F. Supp. 1558, 1561 (N.D. Ga. 1989). Nonetheless, this court is vested with broad discretion to dismiss Dean from this action pursuant to Rules 21 and 41(a)(2).

While "[t]he existence of federal jurisdiction ordinarily depends on the facts as they exist when the complaint is filed," there are exceptions to this principle, including Rule 21 of the Federal Rules of Civil Procedure. See Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 830 (1989). Rule 21 provides that "[m]isjoinder of parties is not grounds for dismissal of an action. Parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just." Fed. R. Civ. P. 21.

Generally, a district court's power to dismiss a nondiverse dispensable party comes up in the context of joinder, where the court had subject matter jurisdiction until the diversity destroying party was added. In other words, courts routinely dismiss dispensable nondiverse parties to cure a jurisdictional defect and *retain* jurisdiction. See Newman-Green, 490 U.S. at 832-37 (holding that "it is well settled that Rule 21 invests district courts with authority to allow a dispensable nondiverse party to be dropped at any time, even after judgment has been rendered."); Iraola & CIA, S.A. v. Kimberly-Clark Corp., 232 F.3d 854, 860-61 (11th Cir. 2000) (dismissing defendant); Ferry v. Bekum Am. Corp., 185 F. Supp. 2d 1285 (M.D. Fla. 2002). Nonetheless, there is also precedent that allows this court to use Rule 21 to dismiss a nondiverse dispensable defendant from an action initially brought in federal court under the pretense of

diversity of citizenship grounds, in order to *perfect* diversity.  See Anderson v. Moorer, 372 F.2d 747, 750 n. 4 (5th Cir. 1967) (dropping nondiverse defendants named in the original complaint).[5]

As the Supreme Court has indicated, the court should carefully consider whether any of the parties will be prejudiced by the dismissal of a nondiverse party.  See Newman-Green, 490 U.S. at 837-38 (discussing potential "tactical advantage[s] for one party or another.").  In doing so, courts apply Rule 19 to determine whether a party is dispensable.  Rule 19 provides that the court shall consider the following factors:

> first, to what extent a judgment rendered in the person's absence might be prejudicial to the person or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.

Fed. R. Civ. P. 19(b).

Having reviewed the allegations and law the parties have presented, this court concludes that the nondiverse defendant Dean is dispensable under Rule 19 and the parties would not be sufficiently prejudiced by the dismissal.  Howse's claims to the contrary are not persuasive. Since Byrd represents that he has settled his claims with Dean and requests a dismissal of Dean with prejudice, permitting this case to proceed solely against Howse is not likely to lead to new litigation by the plaintiff against the nondiverse defendant.  Howse's arguments amount to little more than the fact that the nondiverse defendant is alleged to be a joint tortfeasor.  In this respect, Howse's claimed prejudice is not greater than that involved whenever a plaintiff chooses

---

[5] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions handed down by the former Fifth Circuit before October 1, 1981.

to sue some, but not all, of those who might be found jointly and severally liable, see Samaha v. Presbyterian Hosp. in the City of New York, 757 F.2d 529, 531 (2d Cir. 1985), or settles *pro tanto* with one defendant during the court of litigation and continues to pursue claims against other co-defendants.  It is well settled federal law that joint tortfeasors are not necessarily indispensable parties.  See Temple v. Synthes Corp., Ltd., 498 U.S. 5, 7 (1990) (citations omitted).

      Furthermore, if this court were to refuse to permit Byrd to proceed without Dean, Byrd may be barred by the statute of limitations from bringing most of his claims against Howse, leaving Byrd without an adequate remedy as contemplated in Rule 19(b).  See LeBlanc v. Cleveland, 248 F.3d 95, 101 (2d Cir. 2001) (citing Jaser v. New York Prop. Ins. Underwriting Ass'n,  815 F.2d 240, 243 (2d Cir. 1987)).  Ultimately, in considering the factors enumerated in Rule 19(b), this court finds that Defendant Dean is dispensable and is due to be dropped pursuant to this court's power under Rules 21 and 41(a)(2).

## IV.  CONCLUSION

      For the reasons discussed above, it is hereby ORDERED as follows:

      1.      Defendant Howse's Objection to the Joint Stipulation of Dismissal (Doc. #33) is OVERRULED.

      2.      Plaintiff Byrd and Defendant Dean's Joint Motion for Dismissal of Dean (Doc. #32) is Ordered GRANTED, and all claims against Ray Dean Farm Equipment Auction Company, Inc. are DISMISSED with prejudice.  Dean is DISMISSED as a party Defendant.

3. Plaintiff's Motion and Brief in Opposition to Defendant Howse and Dean's Motions to Dismiss for Lack of Subject Matter Jurisdiction and Defendant Howse's Opposition to Dismissal of Dean is Ordered GRANTED.

4. Defendant Dean's Motion to Dismiss (Docs. #27) is Ordered DENIED as moot.

5. Defendant Howse's Motion to Dismiss (Doc. #30) is Ordered DENIED.

Done this 4th day of May, 2005.

/s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE